## Belmont Laboratories, Inc., *v.* Heist et al., Appellants.

Argued January 14, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Walter Biddle Saul,* of *Saul, Ewing, Remick & Saul,* with him *Earl G. Harrison,* for appellant.—Our complaint concerning the form of Judge TAULANE'S final decree is:

"It specifically enjoins and restrains appellants from compounding and selling the preparation which on June 23, 1930, was being compounded and sold under the name of Pheno-Cosan, when there was no evidence that Pheno-Cosan at that time violated any of plaintiff's rights, and irrespective of its actual composition at that time."

Defendants are not to be penalized for having undertaken to comply with the opinion of this court without waiting for the entry of a formal and final decree by the lower court.

The relief afforded by a decree in equity must conform to the case as made out by the pleadings as well as proofs: Luther v. Luther, 216 Pa. 1; Spink v. Electric Co., 245 Pa. 143.

The decree, in general, in enjoining appellants from compounding, advertising or selling any preparation for the treatment of eczema or other skin diseases which "contains a base similar to the base of mazon and the other two distinctive characteristics of mazon" is antagonistic to and inconsistent with the opinion of this court on the prior appeal.

*Charles L. Wolfe,* with him *Laurence H. Eldredge* and *Montgomery & McCracken,* for appellee, cited: Macbeth-Evans Glass Co. v. Schnelbach, 239 Pa. 76; Hochman v. Finance Corp., 289 Pa. 260.

OPINION BY MR. JUSTICE WALLING, February 2, 1931:
This case is sufficiently considered in 300 Pa. 542. The trial court entered a final decree on June 23, 1930,

in accordance with the opinion there written. In our judgment, the decree as filed is necessary to protect the rights of the plaintiff and should not be modified. The defendants aver, however, that, between the filing of our opinion (May 27, 1930) and the entry of the final decree, they made such radical changes in the formula and manufacture of Pheno-Cosan that it became and is a preparation substantially different from Mazon. Plaintiff denies this, and as to it we express no opinion; but defendant should not be precluded from showing what was done during that time. To enable them to do so, it is only necessary to treat the decree as of the date of the opinion.

And now, February 2, 1931, the final decree entered in the above case is modified by adding, as follows: "This decree shall be construed as if entered May 27, 1930." The cost of this appeal to be paid by appellants.