Ralph J. PAOLINO, Appellant,

v.

CHANNEL HOME CENTERS and Air Control Industries, Inc.

No. 81–1661.

United States Court of Appeals,
Third Circuit.

Argued Nov. 17, 1981.

Decided Dec. 30, 1981.

As Amended Jan. 11 and Feb. 23, 1982.

Rehearing and Rehearing In Banc
Denied Jan. 26, 1982.

Zachary T. Wobensmith, 2d (argued), Wobensmith & Wobensmith, Philadelphia, Pa., for appellant.

Ronald L. Panitch, Richard S. Barth, (argued), Seidel, Gonda, Goldhammer & Panitch, Philadelphia, Pa., for appellees.

Before GIBBONS and HIGGINBOTHAM, Circuit Judges, and McCUNE,* District Judge.

OPINION OF THE COURT

GIBBONS, Circuit Judge.

Ralph J. Paolino, a resident of Pennsylvania, appeals from a judgment dismissing his complaint against Channel Home Centers, Inc. (Channel) for failure to state a claim upon which relief may be granted, and against Air Control Industries, Inc. (Air Control) for lack of in personam jurisdiction. We reverse as to both defendants.

*Channel*

Since Paolino's complaint was dismissed at the pleadings stage we must determine whether in the light most favorable to him "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). It alleges that in 1978 Paolino developed, in Pennsylvania, an apparatus for reclaiming waste heat from flues, which he maintained as a trade secret. Paolino corresponded with Air Control and disclosed the apparatus to it under circumstances establishing a relationship of

* Hon. Barron P. McCune, United States District Judge for the Western District of Pennsylvania, sitting by designation.

trust and confidence which would have prevented Air Control from exploiting the device without his consent. In breach of that alleged relationship Air Control manufactured copies of the device and sold them to Channel, a large retailer with outlets in Pennsylvania. Channel has offered the devices for sale in its Pennsylvania stores.

The district court dismissed the complaint because it does not allege that Channel has any confidential relationship with Paolino. That ruling ignores that he could prove that Channel, after learning of a breach of trust by Air Control, knowingly participated in that breach. If the complaint allegations are true, Air Control became a constructive trustee in Paolino's favor of the disclosed device and of the sale proceeds. *See Kimball v. Barr Township*, 249 Pa.Superior Ct. 420, 424, 378 A.2d 366, 368 (1977); 5 A. Scott, *Law of Trusts*, §§ 462, 462.1 (3d ed. 1967). *See also Yohe v. Yohe*, 466 Pa. 405, 353 A.2d 417 (1976); *Chambers v. Chambers*, 406 Pa. 50, 176 A.2d 673 (1962); *Beatty v. Guggenheim Exploration Co.*, 225 N.Y. 380, 386, 122 N.E. 378, 380 (1919) (Cardozo, J.) ("a constructive trust . . . is not really a trust at all but rather an equitable remedy. Like all remedies in equity, it is flexible and adaptable.")

If a purchaser of property from a trustee knew, or should have known, that disposition of the property was a breach of trust, the purchaser is charged with the same trust. The rule is applicable both to express and to constructive trusts. *Cameron v. People's Bank of Maytown*, 297 Pa. 551, 556, 147 A. 657, 659 (1929). Notice need not be actual. It suffices that a person of ordinary prudence would inquire as to the existence of a trust. *Curtis v. Serrill*, 303 Pa. 267, 154 A. 487 (1931). In this case, Paolino could prove, at the very least, that Channel was put on notice of Air Control's alleged breach of trust as soon as the complaint was served. Channel nevertheless continued to market the device; indeed it vigorously asserts its continuing right to do

so. If Paolino proves that distribution of the device is a breach of a constructive trust by Air Control he will be entitled to injunctive relief against Channel at least prospectively, and perhaps for an accounting with respect to sales made after service of the complaint. Whether he will be able to establish an earlier notice must await proof at trial. But a Rule 12(b)(6) dismissal was improper since he could, under the complaint, prove a set of facts which would support relief respecting post-complaint sales by Channel.

## Air Control

Air Control does not urge that the complaint fails to state a claim on which relief can be granted against it.[1] It contends, instead, that it may not be subjected to in personam jurisdiction in the Eastern District of Pennsylvania. Affidavits establish that Air Control maintains a plant in Nashville, Tennessee, at which it manufactures the heat reclaiming device alleged to be Paolino's trade secret. This is Air Control's only facility. It sold the products to Channel through the solicitation of commissioned New Jersey sales representatives, and shipped them to Channel at its headquarters in Whippany, New Jersey. Channel, after acquiring title, reshipped the devices to Pennsylvania and advertised for their sale in that state. Air Control is not qualified to do business in Pennsylvania. It did, however, do business with a Pennsylvania resident with respect to a form of intellectual property—an alleged trade secret—recognized by Pennsylvania law, and signed an agreement with that resident agreeing to acquire details of that trade secret in confidence. In breach of that agreement it has manufactured and sold the devices for resale in Pennsylvania and elsewhere. Some of the devices have been advertised for sale and sold in Pennsylvania. Such manufacture and sale of the devices has eroded the value of Paolino's intellectual property.

---

1. Air Control and Channel are represented by the same law firm and filed a single brief. The record does not disclose whether Air Control

has undertaken to indemnify Channel against claims such as Paolino's.

■ Air Control concedes that the Pennsylvania long-arm statute, 42 Pa.Cons. Stat.Ann. § 5321 *et seq.* (Purdon 1981), available in the federal courts by virtue of Fed.R.Civ.P. 4(e), provides for the exercise of jurisdiction to adjudicate "to the fullest extent allowed under the Constitution of the United States." Relying on *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), it contends a lack of minimum contacts with Pennsylvania which would justify that state's adjudicatory authority to reach it. The district court accepted this argument. In doing so, however, the court failed to observe the settled distinction between personal jurisdiction in cases where the defendant's forum-related activities do not give rise to the claim, and personal jurisdiction in cases where the claim arises out of a specific forum-related act or series of acts. *See Schwilm v. Holbrook,* 661 F.2d 12 (3d Cir. 1981). General contact counting may be appropriate in the former situation, for the object is to establish that the defendant has such continuous and substantial affiliations with the forum that any lawsuit against it might be entertained. In this case Paolino is not interested in establishing such general amenability to process, but only amenability with respect to a claim growing out of a single transaction. The focus in such a case must be upon the relationship of the transaction to the forum.

■ In *World-Wide Volkswagen* the Court made the point that, when dealing with transactional in personam jurisdiction, interests of the other states in the federal union demand that the forum refrain from adjudicating disputes which affect its public policies only slightly and happenstantially. *See* Comment, *Federalism, Due Process, and Minimum Contacts:* *World-Wide Volkswagen Corp. v. Woodson,* 80 Colum.L.Rev. 1341, 1345–52 (1980). Plainly the Court did not intend to preclude a "tort out/harm in" exercise of long-arm jurisdiction when the forum as a place of harm was clearly and specifically foreseeable. *See* 444 U.S. at 297, 100 S.Ct. at 566. In this case, the allegations of the complaint suggest that Air Control, knowing that Paolino had an interest in intellectual property recognized by the law of Pennsylvania where he resided, obtained his property in confidence and set out on a course of action which would destroy it. Since Pennsylvania law created that property interest[2] that state's interest in protecting the Pennsylvania resident from its willful destruction was clearly and specifically foreseeable. Inducing a Pennsylvanian to entrust that creature of Pennsylvania law to Air Control on a promise of confidentiality, and then misappropriating it, obviously would cause harm in Pennsylvania no matter where the misappropriation occurred. Moreover, since Tennessee and Pennsylvania both recognize trade secrets,[3] no public policy of the only other state concerned with the transaction will be offended by litigation in a Pennsylvania forum.

Thus the federalism aspect of the rule of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), is fully satisfied. Nor does *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), suggest otherwise. Florida's attempt in that case to exercise in personam jurisdiction over a Delaware trustee did not involve any action by the trustee at all, let alone action by the trustee causing foreseeable harm in Florida. If the Delaware trustee in *Hanson v. Denckla* had embezzled

2. Trade secret protection is the creature of state law. *Kewanee Oil Company v. Bicron Corp.,* 416 U.S. 470, 94 S.Ct. 1879, 40 L.Ed.2d 315 (1974); *Chevron Chem. Co. v. Costle,* 641 F.2d 104 (3d Cir.), cert. denied, 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981). Since intellectual property cannot have a physical situs the law of the state of residence of the person who initially developed and protected the secret appears to be the obvious starting point for its protection.

3. *See generally Hickory Specialties, Inc. v. B & L Laboratories, Inc.,* 592 S.W.2d 583 (Tenn. App.1979); *Wexler v. Greenberg,* 399 Pa. 569, 583, 160 A.2d 430, 437 (1960) (the "ownership of a trade secret ... [gives] ... a proprietary right which equity protects against usurpation by unfair means."); *Belmont Laboratories v. Heist,* 300 Pa. 542, 550–52, 151 A. 15, 18 (1930), *modified on other grounds,* 303 Pa. 7, 154 A. 19 (1931).

the res, leaving the Florida cestui que trust destitute, the power of the Florida court to exercise adjudicatory authority in the interest of a Florida resident would, we think, be clear. In determining when a state may exercise transactional rather than general personal jurisdiction it is essential to focus on the nature of the claim and the forum's particular interest in the person asserting it.

The other aspect of the *International Shoe* rule, besides that of federalism, is fairness to the defendant in choosing the forum. As we noted in another context, "[t]his limitation upon judicial power prevents a state of a plaintiff's choosing from coercing defense of a suit in a forum which, because of its remoteness from defendant's residence and from witnesses and proof, would be fundamentally unfair." *Jonnet v. Dollar Savings Bank of New York*, 530 F.2d 1123, 1140 (3d Cir. 1976) (Gibbons, J., concurring). In a United States District Court these forum non conveniens concerns, which in a state court may have serious procedural due process overtones, are of less weight because of the power to grant a transfer motion under 28 U.S.C. § 1404(a). We have held since *United States v. Berkowitz*, 328 F.2d 358 (3d Cir.), *cert. denied*, 379 U.S. 821, 95 S.Ct. 42, 13 L.Ed.2d 32 (1964), that the transferor court need not have jurisdiction over the defendant in order to grant a plaintiff's transfer motion. *See Schwilm v. Holbrook, supra*, 661 F.2d at 15. Moreover, even in a state court, fairness to the defendant as to a forum must, in a case where the forum is that plaintiff's residence, take some account of the fact that the defendant's residence is inconvenient for the plaintiff. Due process, after all, is a two way street. The present record contains no suggestion that litigating in Philadelphia rather than in Nashville with respect to a relationship knowingly undertaken with a Pennsylvania resident would be fundamentally unfair to Air Control. Indeed since the claim against Channel will be litigated in Philadelphia, the proofs against Air Control and Channel will overlap, and Air Control may be obliged to indemnify its customer, the likelihood of any degree of unfairness is remote.

*Conclusion*

The judgment appealed from will be reversed and the case remanded for further proceedings.