**ALTECH INDUSTRIES, INC., Plaintiff,**

v.

**AL TECH SPECIALTY STEEL CORPORATION and GATX Corporation, Defendants.**

**Civ. A. No. 81–226.**

United States District Court,
D. Delaware.

June 25, 1982.

Harvey S. Kronfeld and John J. Marshall of Rawle & Henderson, Philadelphia, Pa., for plaintiff.

Jack B. Blumenfeld and Douglas E. Whitney of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendants, Norman H. Zivin of Cooper, Dunham, Clark, Griffin & Moran, New York City, of counsel.

OPINION

STEEL, Senior District Judge:

Plaintiff, ALTECH Industries, Inc. (hereinafter "plaintiff") brought the action

against defendant, Al Tech Specialty Steel Corporation (hereinafter "defendant Al Tech") and defendant GATX (hereinafter "GATX"). Plaintiff and defendant Al Tech are Delaware corporations and defendant GATX is a New York corporation. Jurisdiction over the subject matter of the action in Count I arises under 15 U.S.C. § 1125(a), the Lanham Act; in Count II under the Uniform Deceptive Trade Practices Act, 6 Del.C. 1953, § 2536, 55 Del.Laws c. 36; and in Count III under the ancillary power of the Court to adjudicate common law unfair competition claims.

The complaint charges the defendant Al Tech with trade name infringement, unfair competition and false designation of origin.

GATX has moved to dismiss the complaint against it under Rule 12(b)(2) because of lack of personal jurisdiction over it under the Delaware "long-arm" statute:

The complaint alleges:

The plaintiff was incorporated on September 3, 1974. Its business consists primarily of designing, manufacturing, installing and selling apparatus for use with large vertical liquid storage tanks, including internal floating decks, aluminum roofs, peripheral seals, and related equipment. In 1974 plaintiff began using and has continuously marketed and promoted its products and services in the United States under the prominently displayed trademark "AL-TECH" with an ALTECH logo. As a result plaintiff's products have gained nationwide acceptance and are presently sold to numerous customers throughout the United States, including Delaware. Through much effort and substantial expense plaintiff has earned in the minds of its actual and potential customers and suppliers a reputation as a provider of high-quality products, reliable service, fair dealing and general business efficiency.

Sometime after plaintiff adopted the trade name and logo "ALTECH" the defendant Al Tech began manufacturing, promoting and selling in interstate commerce various steel products, including steel wire, tubing and bars made of stainless steel and other steel alloys under the prominently displayed trade name and logo "Al Tech." As a result plaintiff and its customers and others in the trade have been misled by the confusing similarity between plaintiff's trade name and that of defendant and have been caused to believe that the plaintiff ALTECH and the defendant Al Tech are the same or at least affiliated companies.

In April, 1981, the defendant GATX, a holding company with various subsidiaries, acquired all of the outstanding stock of defendant Al Tech. That acquisition has greatly enhanced the potential for damage to plaintiff's business and good will and the likelihood of confusion in the trade arising out of the confusing similarity between plaintiff's and defendant's trade name. The complaint, among other things, seeks an injunction against such use by defendants.

Plaintiff's claim is basically against the defendant Al Tech for infringing plaintiff's trade name ALTECH. Plaintiff has presented no evidence that GATX has itself or any of its subsidiaries, except defendant Al Tech, ever used plaintiff's name or its logo in its or their business or otherwise. The only charges against GATX are found in paragraphs 14, 16 and 18 of the complaint. Central to paragraphs 14 and 18 is the allegation that the use by defendant of plaintiff's trade name was under the "direction and control of GATX" with paragraph 18 adding that this was done in "concert and affiliation with GATX." Paragraph 16 alleges that by letter dated April 15, 1981, plaintiff notified defendants of plaintiff's prior use and superior right to its trade name and requested defendants to cease using their confusingly similar trade name, and by letter dated May 13, 1981, the defendant Al Tech wilfully refused to comply.[1] Paragraph 16 added that this refusal

1. Plaintiff does not contend that its attorney's "letter to GATX" (actually the letter was addressed only to defendant Al Tech) created a duty not to infringe upon plaintiff's name. The letter, plaintiff asserts, served only to put GATX on notice of plaintiff's rights and injury and to make GATX's violation of those rights wilful. (Doc. 76, pp. 8–9).

"was consummated with the knowledge and approval of and in concert with GATX."

Service was purportedly made upon defendant GATX under the Delaware long-arm statute, 10 Del.C. § 3104(c)(1–4):

(c) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-resident, or his personal representative, who in person or through an agent:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply services or things in this State;

(3) Causes tortious injury in the State by an act or omission in this State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

Plaintiff argues that personal jurisdiction existed over GATX under both subparagraph (3) and subparagraph (4) of paragraph (c). Plaintiff has the burden of alleging facts justifying the exercise of jurisdiction, *see McNutt v. General Motors Acceptance Corporation*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1939) and *Lucas v. Gulf & Western Industries, Inc.*, 666 F.2d 800, at 805 (3d Cir. 1981).

At the outset it is necessary to understand the nature of plaintiff's claim against GATX. The mere acquisition by GATX of all of the stock of defendant Al Tech violated no right of the plaintiff; standing alone it gave rise to no cause of action. The wrong occurred when, as the complaint alleges, GATX directed and controlled the defendant Al Tech in infringing plaintiff's trade name.

In considering the jurisdictional question the allegations of the complaint are accepted as true even though the affidavits of Mintun and Bender refute the allegations of direction and control. These affidavits were attached to a motion which not only sought a dismissal of the action for lack of jurisdiction but also upon the ground that the complaint failed to state a cause of action. (Doc. 8). The motion in its latter respect has been withdrawn. Furthermore, plaintiff's discovery has been limited to the jurisdictional issue. (Doc. 22).

The complaint fails to allege whether it was in Delaware or elsewhere that GATX directed and controlled defendant Al Tech in infringing plaintiff's trade name. If it occurred in Delaware, the injury to plaintiff, a Delaware corporation, occurred in Delaware. In these circumstances jurisdiction existed under subparagraph (3) of paragraph (c).

If, on the other hand, the direction and control which GATX is alleged to have exercised over defendant Al Tech occurred outside of Delaware, then jurisdiction existed under subparagraph (4) of paragraph (c) inasmuch as GATX has persistently engaged in a course of conduct in the State of Delaware. GATX has utilized the benefits of the Delaware corporation law in various ways. It acquired the stock of defendant Al Tech as a result of a merger under Delaware law. A vast majority of its 82 subsidiaries are Delaware corporations formed, merged, or acquired under Delaware law. In conducting these activities GATX regularly files and records various corporate documents with and receives various documents and communications from the Office of the Secretary of State of Delaware. These activities are conducted by GATX through its agent the Corporation Trust Company in Wilmington with correspondence passing back and forth between them relating to the corporate activities. Between September 1, 1974 and September 30, 1981, GATX incorporated at last 35 subsidiaries in Delaware and amended the certificates of at least 5 others changing either their business purpose of corporate names. GATX regularly employs the Delaware corporation law to merge its subsidiaries and through its agent, Corporation Trust Com-

pany, has filed and recorded all documents in Delaware necessary to consummate the mergers. In addition, in October, 1980, GATX retained Delaware counsel to examine and advise with respect to the Delaware take-over statute.

These activities considered in their totality comprise a persistent course of conduct in Delaware which is required by Section 3104(c)(4).

The foregoing approach to the jurisdiction problem is consistent with the "forum-related" and "nonforum related" analysis in *Reliance Steel Products Company v. Watson, Ess, Marshal & Enggas*, 675 F.2d 587 (3d Cir. 1982) where the Pennsylvania long-arm statute, 42 Pa.C.S. § 5322(a)(3), (4) was involved.[2] *See also, Paolino v. Channel Home Centers and Air Control Industries, Inc.*, 668 F.2d 721 (3d Cir. 1982) decided under the Pennsylvania long-arm statute and *Carty v. Beech Aircraft Corporation*, 679 F.2d 1051, 1060 (3d Cir. 1982) which arose under the Virgin Island long-arm statute.

GATX does not claim that traditional notions of fair play and substantial justice will be offended if it is required to come to Delaware to defend the present action. Furthermore, the conduct and connection of GATX with Delaware is such that it should reasonably have anticipated that it might have to defend in Delaware an action in which it is charged with directing and controlling its subsidiary defendant Al Tech, a Delaware corporation, with infringing plaintiff's trade name. The teaching in *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) presents no obstacle to the maintenance of jurisdiction by this Court.

The motion of defendant GATX to dismiss the complaint for lack of personal jurisdiction will be denied.

2. (a) *General rule.*—A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

\* \* \* \* \* \*

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

This is generally like the Delaware long-arm statute.