UNITED STATES of America, Appellant

v.

John Robert KENNEDY.

No. 83–5540.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
April 10, 1984.

Decided May 31, 1984.

---

J. Alan Johnson, U.S. Atty., Joel B. Strauss, Asst. U.S. Atty., U.S. Dept. of Justice, Pittsburgh, Pa. and James Michael Kelly, Associate Gen. Counsel, Raymond W. Fullerton, Asst. Gen. Counsel, Aaron B. Kahn, Atty., U.S. Dept. of Agriculture, Washington, D.C., for appellant.

Daniel E. Houlihan, Lope & Criss, Zelienople, Pa., for appellee.

Before ADAMS, BECKER and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

Plaintiff, the United States, acting on behalf of the Farmer's Home Administration ("FHA"), appeals from a district court order of May 27, 1983, granting defendant's motion to dismiss. Plaintiff had instituted suit for conversion against the buyers of collateral used to secure FHA loans. We have jurisdiction pursuant to 28 U.S.C. § 1291. After consideration of the record and *United States v. Sommerville,* 324 F.2d 712 (3d Cir.1963), *cert. denied,* 376 U.S. 909, 84 S.Ct. 663, 11 L.Ed.2d 608 (1964), we vacate the district court's order and remand for further proceedings consistent with this opinion.

Because the plaintiff's complaint was dismissed at the pleadings stage, we must determine whether, in the light most favorable to the plaintiff, "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957); *Paolini v. Channel Home Centers,* 668 F.2d 721, 722 (3d Cir.1981). To survive a motion to dismiss, the complaint must set forth "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. at 47, 78 S.Ct. at 102.

On March 29, 1983, the United States filed a complaint against John Robert Kennedy. The complaint alleges, *inter alia,* that James and Dona Vensel owed the United States more than $34,000. as principal and interest on three loans that the Government had extended to them. The complaint alleges that the Vensels executed promissory notes in favor of the Government when they obtained the loans and a security agreement at the time of the first loan.

According to the complaint, the security agreement grants the Government a security interest in all of the Vensels' currently owned and after-acquired livestock, crops, and farm equipment. Moreover, the security agreement provides that the Vensels would not sell the Government's collateral without the prior written consent of the Government and that the failure to abide by the restriction would constitute default. Upon default, the Government could take possession of its collateral. The complaint further alleges that, in connection with the loans, the Vensels executed a financing statement, which was duly filed with the Prothonotary of the county where the debtors resided and where the collateral was located.[1]

---

1. In *Sommerville,* 324 F.2d at 717, the court stated:

"The fact of the recording of the security agreement as required by the Pennsylvania law under the terms of the security agreement

Finally, the complaint alleges that the Vensels sold some of the collateral to the defendant for $8500. Defendant allegedly paid $3700. by check made payable to Mr. Vensel and the FHA; he paid the remainder, $4800., to Mr. Vensel in cash. The gravamen of the complaint alleges that the Government demanded the remainder of the purchase price of the collateral from the defendant, who refused to pay it and thereby converted the collateral to his own use.

On May 11, 1983, defendant filed a motion to dismiss for failure to join an indispensable party. At the hearing on defendant's motion, defendant made an alternate oral motion that the complaint be dismissed for failure to state a claim. Defendant argued that the complaint failed to state a claim because the Government did not have the right to immediate possession of the collateral. The district court, relying on the Pennsylvania definition of conversion, found that the plaintiff's complaint did not meet the requirements of Pennsylvania law. Without considering whether the complaint was sufficient under general fed-

eral law, the court dismissed the Government's action without prejudice. Counsel apparently failed to inform the district court of this court's decision in *United States v. Sommerville*, 324 F.2d 712, 714–15 (3d Cir.1963).

■ *Sommerville* involves facts very similar to those in this case.[2] In *Sommerville*, the court considered whether federal or state law governed a conversion action commenced pursuant to an FHA loan program. The court made, *inter alia*, two relevant findings. First, the court, following *Clearfield Trust Co. v. United States*, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943), held that because an important federal interest was involved in the FHA loan program, the court must apply federal law. *Id.* at 714–15. Second, the court refused to select state law as the applicable federal rule; instead, it formulated a general federal rule of conversion.[3] The court held that the defendant, who "interfered with and converted the FHA's right to the chattels ... must be held to be strictly accountable." *Id.* at 718.[4]

is an incident in the perfecting of the lien of the FHA on the cows. To this extent we look to the law of Pennsylvania and no further. In respect to the other arguments set out in the preceding paragraph we are of the opinion that under the general federal law, discussed hereinafter, an individual who causes property in which another has a valid interest to be sold at auction without authorization and converts the proceeds to his own use, is guilty of the tort of conversion."

2. In *Sommerville*, the FHA extended loans to a farmer, who executed a security agreement in favor of the FHA. The agreement covered, *inter alia*, all of the farmer's livestock. Subsequently, the farmer, without the knowledge or consent of the FHA, delivered cattle covered by the agreement to the defendant auctioneer for auction. The auctioneer, who was without actual knowledge of the FHA's security interest, sold the cattle. After the sale, the defendant paid the farmer the purchase money less the defendant's commission. *Id.* at 714. The Government alleged that the auctioneer was liable in conversion, defined as "an action for the wrongful taking of an interest in property." *Id.* at 713. During oral argument in the district court, the court suggested to counsel for appellant that he should examine the federal law on this issue and granted him leave to file such research with the court and opposing counsel (25a).

3. The Supreme Court's decision in *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726–29, 99 S.Ct. 1448, 1457–59, 59 L.Ed.2d 711 (1979), does not require a different result. In *Kimbell Foods*, the Court's primary concern was formulating a federal rule in the absence of an existing federal rule. In making its determination, the Court could formulate a general federal rule or adopt state law. The Court made the latter choice; it adopted state law as the measure of federal law.

In contrast, in this case the general federal law of conversion has been defined already. Because we are not acting in the absence of an existing federal rule, we are not at liberty to adopt state law as the measure of the federal rule. Instead, we must apply the federal rule as articulated in *Sommerville*.

4. Contrary to the defendant's contention, the decision in *Sommerville* did not turn on defendant's status as an auctioneer. Instead, the court focused on the defendant's activities and his status. Defendant's activities, wrongfully interfering with the FHA's interest in the collateral, constituted a sufficient independent basis for imposing liability. *Sommerville*, 324 F.2d at 718. In its alternate holding, the court found that it also would impose liability on the defendant as an agent of the defaulting mortgagor. *Id.*

Applying the principles of *Sommerville* to this case, we conclude that under the general federal law the Government's complaint has alleged sufficient facts to withstand defendant's motion to dismiss.[5] Accordingly, we remand for further proceedings consistent with this opinion.

---

5. .We do not mean to imply that the result reached under federal law would necessarily be different from that reached under a correct interpretation of Pennsylvania law; however, we need not decide that question.