**HARRY MILLER COMPANY, Plaintiff,**

v.

**CARR CHEM INC. and Paul Carr, Defendants.**

**Civil Action No. 97–7491.**

United States District Court, E.D. Pennsylvania.

April 13, 1998.

---

Matthew D'Annunzio, Mary E. O'Laughlin, Philadelphia, PA, for Plaintiff.

Stacy J. Levitan, Timothy J. Walker, for Defendants.

### ORDER–EXPLANATION

ANITA B. BRODY, District Judge.

**AND NOW,** this 13th day of April, 1998, **IT IS ORDERED** that Defendants' motion to dismiss for lack of personal jurisdiction and improper venue or in the alternative to transfer this case (docket entry 8) is **DE-NIED.**

Plaintiff Harry Miller Company (Harry Miller) has shown that I have specific personal jurisdiction over defendants Paul Carr ("Carr") and Carr Chem Inc. ("Carr Chem"). Both defendants have sufficient minimum contacts with the forum, meeting the requirements of the Pennsylvania Long Arm Statute and the Constitution. Also, traditional notions of fair play and substantial justice will not be offended by my exercising personal jurisdiction over them.

■ Specific personal jurisdiction arises when the plaintiff's claim is "related to or arises out of the defendant's contacts with the forum." *Mellon Bank (East) PSFS v. Farino,* 960 F.2d 1217, 1221 (3d Cir.1992) (citations omitted). In a case where specific jurisdiction is asserted, I must be satisfied that the interrelationship of the defendant, the cause of action and the forum falls within the "minimum contacts" framework set out by the Supreme Court. *Id.* To comport with due process there must be some act by which each defendant has "purposely availed" itself of the "privilege of conducting business within the forum State, thus invoking the privileges of its laws." *Id.* I must take in account the relationship of the "forum, the defendant and the litigation" to determine whether the defendants conduct and connection with the forum State are such that the defendant should reasonably anticipate being haled into court there. *Id.*

■ At the heart of this diversity case is a state created cause of action for misappropriation of trade secrets. Under Pennsylvania law, a person who discloses or uses another's trade secret, without privilege to do so, is liable to the other if "(a) he discovers the secret by improper means, or (b) his disclosures or use constitutes a breach of confidence reposed in him by the other in disclosing the secret to him...." *See Van Products Co. v. General Welding,* 419 Pa. 248, 213 A.2d 769, 774 (1965).

■ A federal court sitting in Pennsylvania has jurisdiction over an out of state defendant where the defendant has entered into a relationship of trust with a Pennsylvania resident and then has violated the resident's trade secrets. *Paolino v. Channel Home Centers,* 668 F.2d 721, 722–723 (3d Cir.1981). In *Paolino* the plaintiff developed, in Pennsylvania, a device and disclosed the device in correspondence with the out of state defendant "under circumstances establishing a relationship of trust and confidence." The defendant then manufactured the device and sold them to a large retailer who offered the device for sale in Pennsylvania stores. The Third Circuit concluded that it was clearly and specifically foreseeable that Pennsylvania could exercise its long arm jurisdiction over such a case. *Id.* at 724. As the court wrote, the fact that the misappropriation took place outside of Pennsylvania was not determinative:

> Since Pennsylvania law created that property interest that state's interest in protecting the Pennsylvania resident from its willful destruction was clearly and specifically foreseeable. Inducing a Pennsylvanian to entrust that creature of Pennsylvania law to Air Control on a promise of confidentiality, and then misappropriating it, obviously would cause harm in Pennsylvania no matter where the misappropriation occurred.

*Id.*

■ The following actions of Carr occurring in or directed at Pennsylvania are material to the elements of Harry Miller's cause of action and establish that he purposefully availed himself of the forum.

- Carr was an employee of Harry Miller, a Pennsylvania Corporation for almost nine years.

- Carr traveled to Pennsylvania for his initial interview with Harry Miller.

- Carr received training in Pennsylvania.

- Carr made a significant number of trips to Pennsylvania to solicit business on behalf of Harry Miller, taking advantage of this forum's laws and protections. *See e.g.* Carr deposition at 82, 86, 89, 91, 94 and 95 (acknowledging sales trips to Erie, Warren, Bradford and Philadelphia Pennsylvania). There is also evidence that he made sales calls into Pennsylvania. Carr Deposition at 85–96 and Exhibits 1–5.

- Carr frequently sent sales reports to Harry Miller in Pennsylvania, arguably communications aimed at the forum designed to gain Harry Miller's trust.
- Carr directed communications to Miller in Pennsylvania which could have been intended to acquire the trade secrets of Harry Miller, as for example, at least one specific request for specific chemical and technical information. *See* Carr deposition, exhibit 6.
- There is some evidence that Carr has knowingly tested products developed with the allegedly misappropriated trade secrets in Pennsylvania and employed a salesman who regularly solicits in Pennsylvania. (Marracini Deposition at 70).

The facts of this case are analogous to those of *Paolino* and arguably present a more compelling case for exercising jurisdiction. Like *Paolino* this case presents a situation where an out of state resident has entered into a relationship of trust with a Pennsylvania resident and then has violated the resident's trade secrets forseeably causing harm to the defendant in Pennsylvania. Making the case for jurisdiction even stronger here is the fact that Carr allegedly acquired these trade secrets out of an employment relationship with a Pennsylvania corporation. Moreover, as Harry Miller has demonstrated, Carr was not simply an employee who worked outside of Pennsylvania. Carr actively solicited business for Harry Miller in Pennsylvania availing himself of its laws and protections. *See also Supra Medical Corp. v. McGonigle*, 955 F.Supp. 374 (E.D.Pa.1997) (holding that jurisdiction was appropriate where English defendants had purposefully directed activities at Pennsylvania by communicating with a Pennsylvania corporation and then misappropriated its trade secrets) *Cf. Surgical Laser v. C.R. Bard*, 921 F.Supp. 281 (E.D.Pa.1996) (holding that third party with no contract or dealings with plaintiff was not subject to jurisdiction based on misappropriation of trade secrets taking place in India.).

These same factors establish that the exercise of jurisdiction will not be incompatible with "notions of fair play and substantial justice." Because Carr knowingly undertook a relationship with a Pennsylvania company, and worked here it is not unfair to subject him to jurisdiction here. *See Paolino*, 668 F.2d at 725.

Jurisdiction is also proper with respect to Carr Chem. Paul Carr's statement on deposition that Carr Chem is in effect Paul Carr is sufficient to link Carr's connections to Pennsylvania to Carr Chem. *See* Carr deposition at 24.

■ Venue is proper under 28 U.S.C. § 1391(a). As already noted a "substantial part of the events or omissions" giving rise to this lawsuit have occurred in Pennsylvania. *See Unix v. Berkeley Software*, 1993 WL 414724 *11 (D.N.J.) (holding that since misrepresentations and unlawful distributions of a trade secret was made in New Jersey and since trade secrets were "located" at plaintiff's home in New Jersey "Plaintiff's claim involves both property and acts in New Jersey."). *See also Paolino*, 668 F.2d at 724, n. 2 (noting the strong state interest in protecting trade secrets. "Since intellectual property cannot have a physical situs the law of the state of residence of the person who initially developed and protected the secret appears to be the obvious starting point for its protection.").[1]

■ Considering the relevant interests in deciding a change of venue motion, I decline to transfer this case under 28 U.S.C. § 1404(a). *See Jumara v. State Farm*, 55 F.3d 873, 879–881 (listing interests that are appropriate to consider in deciding a motion for change of venue). No unusual financial hardship exists for defendants as the result of litigating in this forum. Witnesses and documentary proof will be required from

---

1. Defendants argue that *Cottman v. Martino*, 36 F.3d 291, 295 (3d Cir.1994), mandates that the Western District of New York is the proper venue for this case. *Cottman* held that the most substantial "acts or omissions" for purposes of venue in an action for trademark infringement under the Lanham Act took place where the trademark was "passed off." However, the nature of this case is different than *Cottman*. The events taking place in Pennsylvania are an important part of Harry Miller's cause of action. Unlike trademarks, which seem to have no real situs, trade secrets have a situs in their state of origin.

both Pennsylvania and New York. Furthermore, since the issues in this case are trade secrets protected by the laws of Pennsylvania, the public interest weighs in favor of the case proceeding in this forum.