# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

NALLY'S AUTO PLAZA, INC.,

    Defendant-Below/Appellant,

v.

CHARLES N. WILSON,

    Plaintiff-Below/Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CPU4-23-002568

Date submitted: February 9, 2024
Date Decided: March 14, 2024

## MEMORANDUM OPINION AND ORDER

In the American version of Football, if both teams commit a foul during the same play, the fouls offset and the down is replayed at the previous spot.[1] This case is an example of procedural mistakes creating the legal equivalent of offsetting fouls.

This appeal is brought by Nally's Auto Plaza, Inc. ("NAP"), from a decision of the Justice of the Peace Court. On February 9th, 2024, Charles N. Wilson ("Wilson") moved to Dismiss Appellant's appeal from a Justice of the Peace entry

---

[1] *See* NFL RULEBOOK, Rule Fourteen: Penalty Enforcement, Item 18: Double Fouls, accessed on February 20, 2024 (*https://operations.nfl.com/media/tvglh0mx/2023-rulebook_final.pdf*).

of Default Judgment on March 31, 2023. For the reasons set out on the record and memorialized below, Appellee's Motion to Dismiss is **DENIED**.

## FACTUAL AND PROCEDURAL HISTORY

On October 7, 2022, Wilson initiated this litigation in the JP Court to recover a vehicle that was allegedly unlawfully repossessed by NAP. On March 31, 2023, JP Court entered default judgment in the amount of $4,253.00 against NAP for its failure to answer or otherwise defend the action. Thereafter, on May 23, 2023, NAP filed a motion to vacate the default judgment. On July 27, 2023, following a hearing, the JP Court entered an order denying the motion to vacate (the "MTV Order").

Statutorily, the MTV Order had to be appealed this Court within 15 days (i.e., on or before August 11, 2023),[2] however, NAP filed its Notice of Appeal on August 14, 2023. Accompanying the Notice of Appeal was a letter from Counsel for NAP explaining that his efforts to timely file were thwarted by technical issues attributable, according to Counsel at least, with the Court's e-filing system. As such, the Court accepted the filing, but without ruling on the timeliness issue.

Consistent with Court of Common Pleas Rule 72.3(b), the summons on appeal directed Wilson (the Plaintiff-Below) to file a Complaint on Appeal. Service was attempted by the Sheriff, but the service was return *non-est* on September 6, 2023,[3]

---

[2] 10 *Del. C.* § 9571.
[3] The service return was docketed on September 13, 2023.

2

indicating that service was not perfected as Wilson no longer resided at the address listed in the praecipe.

On September 14, 2023, despite service on his client having not been made, Counsel for Wilson filed an entry of appearance. However, the entry of appearance was not accompanied by any type of responsive pleading. Thereafter, on December 5, 2023, Wilson filed the present Motion to Dismiss. The Court held a hearing on the Motion on February 9, 2024, at the conclusion of which it reserved decision.

## PARTIES' POSITIONS

Wilson argues that this Court lacks jurisdiction for two reasons. First, Wilson asserts that NAP's failure to file the Notice of Appeal within the 15-day period following the JP Court ruling, as required by 10 *Del. C.* § 9571, divests this Court of subject matter jurisdiction. Second, Wilson argues that he has not been brought under the personal jurisdiction of this Court as NAP failed to effectuate service of process within 120 days as required under *CCP Civ. R.* 4(j).

NAP counters that their failure to timely file the Notice of Appeal is excusable as it was the result of an error with the Court's electronic filing system. Moreover, NAP argues, it diligently pursued the appeal by filing in-person the following business day. Regarding personal jurisdiction, NAP asserts that counsel's entry of appearance on behalf of Wilson constituted a communication waiving service of process.

3

Further, notwithstanding that the MTV Order was identified as the order from which this appeal was taken, NAP argued that it is entitled to a trial *de novo* as to the original default judgment. Wilson disagreed.

## DISCUSSION

### *a. Subject Matter Jurisdiction on Appeal from the Justice of the Peace Court*

The Court will dismiss an action under CCP Rule 12(b)(1) if the record does not support a finding that the Court has subject matter jurisdiction over a claim.[4] The burden is on the plaintiff to establish subject matter jurisdiction, and "where the plaintiff's jurisdictional allegations are challenged through the introduction of material extrinsic to the pleadings, [the plaintiff] must support those allegations with competent proof."[5]

It is a well-established legal precept that, where an appeal is taken pursuant to 10 *Del. C.* § 9571, time is a jurisdictional requisite.[6] If the appeal is not taken within the statutorily mandated 15-day period, "a jurisdictional defect is created which may not be excused in the absence of unusual circumstances which are not attributable to the appellant or the appellant's attorney."[7]

[4] *Knight Broadband LLC v. Knight*, No. CVN21C07076EMDCCLD, 2022 WL 1788855, *8 (Del. Super. Ct. June 2, 2022).
[5] *Id.*, quoting *Pitts v. City of Wilm.*, 2009 WL 1204492, at *5 (Del. Ch. Apr. 27, 2009).
[6] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[7] *Riggs v. Riggs*, Del.Supr., 539 A.2d 163, 164 (1988).

Indeed, the underlying events surrounding the filing of this appeal (i.e., where the failure to timely file is arguably attributable to errors within the electronic filing system) may fall within the "unusual circumstances" that excuse the jurisdictional defect of an untimely appeal.[8] At the February 9, 2024 hearing, NAP's Counsel outlined the efforts he took to file the Notice of Appeal and the difficultly he faced in doing so, which resulted in his filing the Notice of Appeal on the very next business day the Court was open. As a member of the Delaware Bar, and an Officer of the Court, the Court accepts NAP's Counsel's assertions at face value. As such, the Court will permit the case to go forward, noting that the only issue on appeal is the JP Court's July 27, 2023, denial of the MTV Order, and not the March 31, 2023 judgment which was not timely appealed to this Court.

### b. *Personal Jurisdiction*

The plaintiff bears the burden to establish personal jurisdiction over the defendant.[9] To bring a defendant under the *in personam* jurisdiction of the Court, the plaintiff must perfect service of process.[10] Appeals from the JP Court are procedurally distinct from actions originating in this Court in that the party initiating

---

[8] *New Castle Auto Auction & Consignments, Inc. v. Riley*, C.A. No. CPU4–13–001066, at *9 (Del. Com. Pl. Nov. 25, 2015)(This Court permitted an untimely appeal to continue when the e-filing rejection notice was not received until five days after the appeal deadline, through no fault of the appellant; "while the e-filing system has enhanced and facilitated the litigation process, it also has generated a new set of technological problems for litigants.")

[9] *Altech Indus., Inc. v. Al Tech Specialty Steel Corp.*, D.Del., 542 F.Supp. 53, 55 (1982).

[10] *Franklin v. Millsboro Nursing & Rehab. Ctr., Inc.*, No. CIV. A. 95C11008, 1997 WL 363950, *6 (Del. Super. Ct. June 10, 1997).

the litigation is not necessarily responsible for perfecting service of the complaint. Rather, under Rule 72.3(b), where the defendant-below initiates the appeal, they must effectuate service of the notice of appeal and summons on appeal upon the plaintiff-below. Coupled with Rule 4(j), Rule 72.3(b) requires service of process on appeal within 120 days of the commencement of the action. This rule must be strictly construed unless the plaintiff can demonstrate good cause for their failure to timely effectuate service.[11]

Here, it is undisputed that service on appeal was not made within the required 120-day period. However, NAP argues that the entry of appearance on the record made by Wilson's Counsel constituted a waiver of service. Wilson argues that he did not waive service as the mere entry of appearance of counsel, absent more decisive action, does not amount to a waiver.[12] Either way, the Court is vested with discretion to grant an extension to the 120–day deadline if the plaintiff can make a showing of "good cause," as to why service was not effectuated in a timely fashion.[13]

Thus, the question becomes whether Wilson's Counsel's entry of appearance was sufficient good cause for NAP to cease any further attempts to serve the appeal on Wilson.

---

[11] Ct. Com. Pl. Civ. R. 4(j); *see e.g. Franklin v. Millsboro Nursing & Rehab. Ctr., Inc.*, No. CIV. A. 95C11008, 1997 WL 363950 (Del. Super. Ct. June 10, 1997).
[12] *Citing Julsaint v. Ramos*, 2017 WL 4457211 at *6.
[13] *Id.* at 2.

Importantly, Wilson's Counsel's entry of appearance offers no reservation of rights for Wilson. There is no language indicating that the entry should not be construed as a waiver of any jurisdictional defects in service upon the defendant. The Superior Court issued two opinions in December of 1996 which clarified the proper procedure for filing an entry of appearance and any 12(b) motions, such as a motion to dismiss for insufficiency of service of process.

In *Quinn v. Keinicke*, defense counsel's entry of appearance clearly notified plaintiff that defendant was not waving her right to raise jurisdictional defects concerning service of process.[14] The Superior Court held that defense's counsel's entry did not confer personal jurisdiction over defendant, and that the entry was the "substantive equivalent of a motion to dismiss under Rule 12(b)."[15] Consequently, the entry did not in and of itself confer person jurisdiction over the defendant.

The second case, *Harman*, solidified the holding intoned in *Quinn*; "...Delaware's Bar practices under the belief that an entry of appearance reserving all rights to later object is sufficient for the purposes of the twenty-day period for filing any 12(b) motions."[16] In *Harman*, the defendants asserted that because plaintiff had not yet effected proper service, the court did not have jurisdiction over

---

[14] 700 A.2d 147, 151 (Del. Super. Ct. 1996).
[15] *Id.* at 148.
[16] *First Union Nat. Bank v. Harman*, No. 95L-12-012, 1996 WL 769343 (Del. Super. Ct. Dec. 31, 1996).

7

the defendants and therefore the 20 day period within which they must raise the defense of insufficiency of service of process had not yet begun to run. Ultimately, the Superior Court denied defendants' motion to dismiss due to the premature nature of the entry, despite the reservation of rights. Further, the Superior Court warned that the *Quinn* and *Harman* cases were still poor examples of motion practice and should not be treated as the correct manner for filing entries of appearance.

In the present case, Wilson's Counsel entered his appearance on September 14, 2023, after the failed attempt to serve his client was docketed. Again, the entry contains no language preserving the rights of his client to dispute jurisdiction at a later date and time. Additionally, no 12(b) motions were filed within the 20 days thereafter. This Court does not condemn counsel for the premature filing of his entry of appearance, but rather the entry of appearance without a reservation of rights on behalf of his client. It is perfectly acceptable for counsel to enter their appearance though a summons has not been served upon a defendant.[17] However, counsel needs to be aware that the mere entry of their appearance, without the reservation of rights on behalf of their client, may act as a waiver of claims under Rule 12. Rule 12(a) provides that a defendant "shall serve an answer within 20 days after service of process, complaint and affidavit, if any, upon that defendant ...." Further, Rule 12(h) states: "(1) a defense of ... insufficiency of service of process is waived if ... (B) it is

---

[17] CCP Civ. Rule 5(aa)(1).

8

neither made by motion under this Rule nor included in a responsive pleading or an Amendment thereof permitted by Rule 15(a) to be made as a matter of course."

If this Court treats Wilson's Counsel's entry as a substantive motion to dismiss as the Superior Court did in *Quinn*, then that entry could be reasonably viewed as a waiver of personal jurisdiction by Wilson under Rule 12(h). Further, this Court finds that Wilson's action could have created a reasonable belief by NAP that Wilson was waiving service of process. Although NAP could have filed various motions to confirm his belief that service was being waived, such as a motion to deem service perfected, he did not do so.

This case is rife with procedural fouls from both NAP and Wilson. NAP delayed the game by filing the notice of appeal late and then fumbled the opportunity to properly serve Wilson on appeal. Wilson committed a false start by having counsel file an entry of appearance after the first attempt to serve Wilson failed, without any reservation of rights to assert affirmative defenses later. Furthermore, this Court finds that the technical difficulty attested to by NAP in filing the appeal does constitute an unusual circumstance which would permit a late filing.[18] Therefore, this matter will not be dismissed due to a lack of subject matter jurisdiction. Further, given the timing and contents of Wilson's Counsel's entry of

---

[18] *Riggs,* 539 A.2d 163, 164 (1988).

appearance, it was reasonable for NAP to believe that opposing counsel was either acknowledging service or was waiving service of process on behalf of their client.

Accordingly, the fouls offset, and the parties will replay the down, with NAP allowed to re-start the process by attempting to properly serve Wilson with the summons on appeal.

## CONCLUSION

**AND NOW,** this 14th day of March 2024, after considering Wilson's Motion to Dismiss, IT IS HEREBY ORDERED that the Motion is **DENIED.**

**IT IS SO ORDERED.**

Judge Bradley V. Manning