**Florence SIMPSON**

**v.**

**LIFESPRING, INC. and John P. Hanley.**

**Civ. A. No. 83–1144.**

United States District Court,
E.D. Pennsylvania.

Oct. 21, 1983.

Gerald F. Ragland, Jr., Philadelphia, Pa., for plaintiff.

**1252**

Robert St. Leger Goggin, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Presently before the court is the motion of John P. Hanley to dismiss the complaint against him for lack of personal jurisdiction.[1] For the reasons that follow, the motion is granted.

Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332(a)(1). Plaintiff, Florence Simpson, is an individual residing in New Jersey. Defendant, Lifespring, Inc. ("Lifespring") is a California corporation with its principal place of business in California. Defendant John P. Hanley ("Hanley") is a citizen and resident of the State of California. He is President and principal shareholder of Lifespring.

Plaintiff alleges that she participated in a group training program conducted by Lifespring in Philadelphia, Pennsylvania during April 1981. She contends that she was subjected to psychological manipulation resulting in psychological and emotional injuries. She contends that Lifespring, under whose auspices the program was conducted, is liable to her essentially in tort. She further contends that Hanley is individually liable to her because he controlled the training offered by Lifespring. She contends that he was personally involved in the development and operation of the training program.

Service of the complaint was made upon Hanley by registered mail. He states in an affidavit that he lacks any personal contact with Pennsylvania other than through his affiliation with Lifespring in his corporate capacity. Plaintiff argues that such contact is sufficient.

■ To determine whether this court has personal jurisdiction over Hanley we note initially that the in personam jurisdiction of this court is coextensive with that of the Pennsylvania courts. Fed.R.Civ.P. 4(e).

Pennsylvania's long-arm statute provides jurisdiction over nonresidents extending "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. § 5322(b). Pennsylvania courts have interpreted this statute, 42 Pa. § 5321 *et seq.*, so as to make the exercise of jurisdiction over a nonresident coextensive with the permissible limits of due process. *Koenig v. International Brotherhood of Boilermakers,* 284 Pa.Super. 558, 426 A.2d 635, 640 (1980). Therefore our determination is limited to the question whether it would be a denial of due process to hold Hanley subject to suit in Pennsylvania. *Id. See Hart v. McCollum,* 249 Pa.Super. 267, 376 A.2d 644, 647 (1977).

■ In determining whether due process considerations permit this court's exercise of in personam jurisdiction over the moving defendant, we will apply the two-step inquiry followed by the Third Circuit. *See Reliance Steel Products Co. v. Watson, Ess, Marshall,* 675 F.2d 587, 588 (3d Cir.1982). First we inquire whether the claim or cause of action pursued arises from the defendant's forum-related activities or from non-forum-related activities. *Id.; Schwilm v. Holbrook,* 661 F.2d 12 (3d Cir.1981). If the claim is forum-related, under 42 Pa.C.S.A. § 5322, the plaintiff need show only "minimum contacts" of the defendant with the forum. *Schmidt v. Leader Dogs for the Blind, Inc.,* 544 F.Supp. 42 (E.D.Pa.1982). If the claim arises from nonforum-related activity, the court must determine whether the defendant's activities within the forum were sufficiently "continuous and substantial" to justify an assertion of in personam jurisdiction.

Here the individual defendant has connections with the forum state solely in his corporate capacity. The question presented is whether his actions as a corporate officer concededly doing business within the forum state constitute sufficient ties with the forum state so as not to be violative of due

---

1. The papers included a motion by Candace L. Hanley to dismiss as well. The plaintiff does not oppose this motion and an order to dismiss her has been filed.

process of law to subject him individually to this court's jurisdiction.

The answer would be relatively straightforward were it not for the plaintiff's allegations that Hanley personally participated in certain decision-making which resulted in the allegedly tortious conduct injury to the plaintiff.[2] Those acts, however, are not alleged to have occurred within Pennsylvania. A few appearances in Pennsylvania by Hanley, in his corporate capacity as President of Lifespring, are asserted. While these appearances apparently were for the purpose of promoting Lifespring, they were not for the perpetration of his allegedly tortious conduct.

In *Donner v. Tams-Witmark Music Library, Inc.*, 480 F.Supp. 1229 (E.D.Pa.1979), the district court determined that, in minimum contacts analysis, the court may consider the individual defendant's contacts with the forum when those contacts are made at a time when the defendant is acting in his or her corporate capacity. *Id.* at 1234. At least one court in this district has expressed some discomfort with the *Donner* holding. *See PSC Professional Services Group, Inc. v. American Digital Systems, Inc.*, 555 F.Supp. 788, 792 (E.D.Pa.1983).

The theory upon which plaintiff seeks to hold Hanley liable essentially amounts to what is known as the "tort out/harm in" theory of long-arm jurisdiction. As noted, the actual presence of Hanley in Pennsylvania is unrelated to the allegedly tortious activity which may have occurred during decision-making meetings elsewhere.

The Supreme Court in *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 291–92, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980) stated:

> The concept of minimum contacts ... can be seen to perform two related, but distinguishable functions. It protects the defendant against the burden of litigat-

ing in a distant or inconvenient forum. And it acts to insure that the States, through their courts, do not reach beyond the limits imposed on them by their status as coequal sovereigns in a federal system.

Fundamental fairness is at the bottom of the court's consideration for the defendant. Acting in his individual capacity, Hanley has not availed *himself* of the privilege of conducting activities in this state. *See Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). As the court in *PCS Professional Services Group, Inc. v. American Digital Systems, Inc., supra,* determined under similar circumstances, to hold that these factors are sufficient to bring Hanley within the jurisdiction of this court would force him to defend himself in every forum where Lifespring itself conducts its operations. To so hold distorts the due process limits of personal jurisdiction. As the *PCS* court stated "officers of corporations operating in several states would be faced with a Hobson's choice. They must either disassociate themselves from the corporation or defend the propriety of their conduct in a distant forum." *Id.*

This court concludes that the contacts of Hanley in his corporate capacity are insufficient to find him to be within the jurisdiction of this court in his individual capacity. The complaint as to him shall be dismissed.

### ORDER

The complaint against John P. Hanley is DISMISSED for lack of personal jurisdiction.

IT IS SO ORDERED.

---

**2.** "The Third Circuit has held that corporate officers are personally liable for alleged tortious conduct of the corporation if they personally took part in the commission of the tort, or if they specifically directed other officers, agents or employees of the corporation to commit the act." *Donner v. Tams-Witmark Music*

*Library, Inc.*, 480 F.Supp. 1229, 1233 (E.D.Pa. 1979) (citing *Donsco, Inc. v. Casper Corp.,* 587 F.2d 602, 606 (3d Cir.1978); *Zubik v. Zubik,* 384 F.2d 267, 275 (3d Cir.1967), *cert. denied,* 390 U.S. 988, 88 S.Ct. 1183, 19 L.Ed.2d 1291 (1968)).