**L. Robert KIMBALL, t/d/b/a L. Robert Kimball & Associates, Plaintiff,**

v.

**Gerald SCHWARTZ, Defendant.**

**Civ. A. No. 83–1811.**

United States District Court,
W.D. Pennsylvania.

Feb. 13, 1984.

G. William Myers, Jr., Ebensburg, Pa., for plaintiff.

Thomas E. Lippard, Mark A. Rosenblum, Pittsburgh, Pa., for defendant.

## OPINION

MANSMANN, District Judge.

This matter is before the Court on a Motion to Dismiss or Transfer filed by Defendant Gerald Schwartz. Plaintiff L. Robert Kimball, t/d/b/a L. Robert Kimball & Associates ("Kimball"), brought this action alleging that Defendant Schwartz, during this course of his employment with Kimball, spent a great deal of his time promoting or marketing the interests of other companies, including some of Kimball's competitors. For the reasons discussed below, we hereby deny Defendant's Motion.

\* \* \* \* \* \*

Plaintiff resides in Pennsylvania, maintaining a place of business in Ebensburg. His business is a sole proprietorship.

Defendant resides in Charleston, West Virginia.

According to the Complaint, in July 1978, Plaintiff hired Defendant as an employee to work exclusively for Plaintiff and to act as Plaintiff's agent in marketing clients and potential clients. Defendant was to perform his marketing duties primarily in West Virginia. Defendant remained in Plaintiff's employ until July 1983 when Defendant submitted his resignation.

Plaintiff brought this action shortly thereafter, alleging that Defendant breached his oral employment contract with Plaintiff by acting as an agent for other companies and otherwise contacting other companies, including some of Plaintiff's competitors, during the course of his employment with Plaintiff, without Plaintiff's consent or knowledge.

Plaintiff alleges that Defendant wrongfully used Plaintiff's resources for this purpose. Plaintiff also contends that Defendant intentionally interfered with Plaintiff's existing and prospective contractual relationships by presenting other companies, including some of Plaintiff's competitors, to some of Plaintiff's existing and prospective clients.

Defendant has filed the Motion to Dismiss or Transfer now before us. We shall consider each of Defendant's arguments separately.

## I. SUBJECT MATTER JURISDICTION

Defendant argues that the Court lacks subject matter jurisdiction because the amount in controversy does not exceed $10,000 exclusive of interest and costs. Defendant essentially contends that he has not committed the wrongful acts alleged by Plaintiff and therefore is not liable for any amount.

1. Diversity of citizenship is not in dispute.

2. Defendant does not discuss this issue in his brief.

3. Section 1391 provides in relevant part:
    A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only

Plaintiff responds that if he prevails, he will be entitled to damages well in excess of $10,000, exclusive of interests and costs. He has submitted an affidavit to counter Defendant's affidavit and to support the merits and the monetary value of his claims.

The general federal rule is that the amount in controversy is to be determined from the Complaint itself unless it appears or it is shown that the amount stated in the Complaint is not claimed in good faith. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961). In deciding the question of good faith, dismissal of the Complaint is only justified if it appears to a "legal certainty" that the amount in controversy is really less than the jurisdictional amount. *Id.* See also *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

Based upon the allegations of the Complaint as well as those set forth in Plaintiff's and Defendant's affidavits, we cannot say that it appears or that it has been shown to a legal certainty that Plaintiff is not entitled to recover a sum in excess of $10,000 exclusive of interest or costs.

Therefore, this Court does have subject matter jurisdiction under 28 U.S.C. § 1332.[1]

## II. VENUE

In his Motion, Defendant alleges that venue in this District is improper.[2]

We reject this contention. Venue in this District is clearly proper under 28 U.S.C. § 1391(a)[3] since Plaintiff is a resident of this District.[4]

in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.
28 U.S.C. § 1391(a).

4. Defendant does not dispute Plaintiff's residence.

## III. IN PERSONAM JURISDICTION

Defendant also contends that the Court should dismiss this action because it lacks *in personam* jurisdiction over Defendant.

Plaintiff responds that Defendant's contacts with this forum are more than sufficient for this Court's exercise of *in personam* jurisdiction over Defendant.

■ To exercise jurisdiction consistent with due process over a non-resident defendant who has challenged *in personam* jurisdiction, a federal district court must find that "certain minimum contacts" exist between the non-resident defendant and the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940).

■ The essential purpose of these requirements is to ensure that it is reasonable and fair to require a defendant to defend in the forum where suit is brought. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). In this regard, a defendant's conduct and connection with the forum state must be such that the defendant could reasonably anticipate being brought into court there. *Id.* at 297, 100 S.Ct. at 567.

■ The sufficiency of the contacts with the forum depends upon whether the cause of action arises from events or transactions that are related or unrelated to the forum. *Compagnie des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances,* 723 F.2d 357 at 361 (3d Cir.1983). If the claim is based on transactions that are unrelated to the forum, the defendant's contacts with forum must be qualitatively and quantitatively greater than where the

cause of action is forum-related. *Id.* at 361–362.

■ Thus, the initial determination a court must make is whether the claim or cause of action arises from defendant's forum-related activities or from non-forum-related activities. *Reliance Steel Prod. Co. v. Watson, Ess, Marshall & Engass,* 675 F.2d 587, 588 (3d Cir.1982). The focus is on the relationship of the transactions giving rise to the lawsuit to the forum where the plaintiff seeks to litigate. *Id.* *See also Paolino v. Channel Home Centers,* 668 F.2d 721, 724 (3d Cir.1981).

■ If the claim arises from forum-related activities, the court must determine whether there are sufficient contacts with the forum arising out of that transaction or transactions to exercise *in personam* jurisdiction over the out-of-state defendant. *Reliance Steel Prod. Co. supra* at 588. *See also Carty v. Beech Aircraft Corp.,* 679 F.2d 1051, 1060 (3d Cir.1982).

■ If the claim arises from non-forum-related activities, the plaintiff must demonstrate that the defendant has maintained "continuous and substantial" forum affiliations. *Id.* *See also Paolino, supra; Schwilm v. Holbrook,* 661 F.2d 12, 14 (3d Cir.1981). General "contact counting" may be appropriate under this test or analysis. *Paolino, supra.*[5]

■ In any action, once the defendant has challenged *in personam* jurisdiction, the plaintiff bears the burden of demonstrating sufficient contacts with the forum state so as to give the court *in personam* jurisdiction. *Compagnie des Bauxites de Guinee, supra.* To meet this burden, plaintiff must come forward with facts, by affidavit or otherwise, to support *in personam* jurisdiction. *See Sterling Indus. Corp. v. Telephone, Inc.,* 484 F.Supp. 1294, 1296 (W.D.Mich.1980) (Federal Court in Michigan determined that a federal court

---

5. Pennsylvania's long-arm statute, to a certain extent, reflects the dichotomy discussed above. For example, a single forum-related contact may be sufficient to provide jurisdiction but the

cause of action must then arise out of that contact. *See* 42 Pa.Cons.Stat.Ann. § 5322(a) (Purdon 1981). *See also Compagnie des Bauxites de Guinee, supra* at 362.

in Pennsylvania had *in personam* jurisdiction over a Michigan resident).

■ We hold that Plaintiff has met his burden here.

The claim in this case arises, at least in part, from forum-related activities. The Complaint and Plaintiff's affidavit allege that Defendant breached his oral employment contract with Plaintiff and interfered with Plaintiff's existing and prospective contractual relationships during the course of his employment with Plaintiff, by acting as an agent for other companies, and otherwise contacting other companies, including some of Plaintiff's competitors. The other companies include Green International, Inc. of Pittsburgh; the Office of Tasso Katselas of Pittsburgh; Greenwood Enterprises, Inc. of Uniontown, Pennsylvania; and Monaloh Basin Engineers, also of Uniontown. All of these companies are located in this District. Thus, the harm suffered by Plaintiff allegedly resulted from contacts and dealings with other companies located in this District, supporting a finding that the claim arises, at least in part, from forum-related activities.

Plaintiff's affidavit alleges that Defendant made telephone calls from West Virginia to Pittsburgh and elsewhere in Pennsylvania to some of Plaintiff's existing or potential clients as well as some of Plaintiff's competitors, using Plaintiff's business telephone located at Defendant's home.

Exhibit A to Plaintiff's affidavit lists 68 telephone calls made by Defendant to places within this District during the period January 1, 1983 through March 31, 1983. All calls were allegedly made outside the scope of Defendant's duties.

Exhibit B to Plaintiff's affidavit lists 28 phone messages left for Defendant with the answering service paid by Plaintiff, concerning matters allegedly outside the scope of Defendant's duties. Many of the calls originated in this District.[6]

■ Due process can be satisfied even if Defendant does not physically appear in the forum state. Specifically, telephone or mail contacts can support *in personam* jurisdiction. *Sterling Indus. Corp. v. Telephone, Inc.*, 484 F.Supp. at 1299.

■ We believe that the telephone calls alone constitute sufficient contacts with the forum to support *in personam* jurisdiction, particularly since the claim arises, at least in part, from these forum-related contacts.

Plaintiff also alleges in his affidavit that Defendant visited Pennsylvania for company meetings in Ebensburg or Pittsburgh or for meetings with clients of a general promotional nature throughout Pennsylvania. Exhibit C to Plaintiff's affidavit lists 24 instances when Defendant visited this District during the period January 1, 1983 through June 30, 1983.

Plaintiff does not contend that his claim arises from these forum-related activities. Nevertheless, these contacts evince "continuous and substantial" forum affiliations so as to support *in personam* jurisdiction under the second test or analysis.

Hence, under either test, Plaintiff has come forward with sufficient facts to support this Court's exercise of *in personam* jurisdiction over Mr. Schwartz.

## IV. TRANSFER UNDER 28 U.S.C. § 1404(a)

Defendant argues in the alternative that the Court should transfer this action to the U.S. District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1404(a) since that is the District where the Defendant resides and, it is argued, where the claim arose.

Plaintiff responds that this District is the more convenient forum since most of the witnesses, except for the Defendant, reside in this District.

Section 1404(a) permits transfer to another district where the action might have

---

6. Defendant does not deny that he contacted other companies or was contacted by other companies located in this District, including Plaintiff's competitors, during the course of his employment with Kimball but he maintains that such activities were for the purpose of exploring employment opportunities after the termination of his employment with Kimball.

been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The purpose of this provision is to prevent the waste " 'of time, energy and money' " and " 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.' " *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964), quoting *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26, 27, 80 S.Ct. 1470, 1474, 1475, 4 L.Ed.2d 1540 (1960).

The burden is clearly on the defendant, when it is the moving party, to justify a transfer pursuant to § 1404(a). 15 Wright, Miller and Cooper, FEDERAL PRACTICE AND PROCEDURE § 3848, at 244 (1976). Defendant's preference for another forum, without more, is insufficient. In this regard, a transfer is not warranted if the result is simply to shift the inconvenience from one party to the other. *Id.* at 246. Further, a transfer is not justified by a mere showing that the claim arose elsewhere. *Id.*

Defendant has not met his burden of demonstrating that a transfer to the Southern District of West Virginia would be convenient for the parties and witnesses and would promote the interest of justice. He has not offered the names of any witnesses, other than himself, who are located in the Southern District of West Virginia. Indeed, it appears from the pleadings and affidavits that many or most of the witnesses in this case are located in this District since many or most of the companies allegedly contacted by Defendant are located in this District. We note that Plaintiff specifically states in his brief that most of the witnesses actually reside in the Greater Pittsburgh area.

Therefore, we cannot find that a transfer to the Southern District of West Virginia would promote the interest of justice or would serve the convenience of any person except the Defendant.

Accordingly, we must deny Defendant's request that the case be dismissed or transferred.