**TOTAL AVIATION SERVICES, INC., Plaintiff,**

v.

**UNITED JERSEY BANK, Federal Reserve Bank of Kansas City, Defendants.**

**No. CV 83–5343.**

United States District Court, E.D. New York.

Jan. 22, 1986.

Burton & Burton, by Bernard L. Burton, Hauppauge, N.Y., for plaintiff.

James J. Kreig, Princeton, N.J., for United Jersey Banks.

Thomas C. Baxter, Jr., New York City, for defendant Federal Reserve Bank of Kansas City.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In this diversity suit, plaintiff Total Aviation Services, Inc. ("Total"), a New York corporation, has sued the United Jersey Bank, a New Jersey corporation, for negligence in failing to process a check deposited by Total with United Jersey Bank. Plaintiff sought leave of the Court to amend the complaint and add the Federal Reserve Bank of Kansas City ("FRB–KC") as a defendant. Fed.R.Civ.P. 15(a). The motion was granted without opposition. The FRB–KC now moves to dismiss the complaint for: (1) lack of *in personam* jurisdiction; (2) improper venue; and (3) failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(2), (3), (6). For the reasons stated below, defendant's motion is granted and the Amended Complaint is dismissed.

### FACTS

For the purposes of this motion, the Court will assume familiarity with the facts contained in this Court's decision of June 4, 1984. In the Amended Complaint, Total alleges that the FRB–KC was negligent when, after receiving notice of non-payment of a check drawn on the Country Club Bank of Missouri, the FRB–KC returned the check to the Country Club Bank instead of sending the check back to United Jersey Bank. Total also alleges that the FRB–KC was negligent when it failed to alert United Jersey Bank promptly of the Country Club Bank's refusal to pay on the instrument.

The following facts are also pertinent to the motion to dismiss. The FRB–KC, which is part of the nation's Federal Reserve System, is located in Kansas City, Missouri and has branches in Denver, Oklahoma City, and Omaha. The FRB–KC, as the seat of the Tenth Federal Reserve District, encompasses all or part of seven western and midwestern states. As one of the nation's twelve Federal Reserve Banks, the FRB–KC was created pursuant to the Federal Reserve Act, as amended, 12 U.S.C. § 222, and has a number of func-

tions related to the nation's banking system. *See* Fed'l Reserve Board, *The Federal Reserve System, Purposes and Functions* (1974). For the purpose of determining whether this Court may exercise *in personam* jurisdiction over the FRB–KC, however, only two of those functions are relevant to determining whether the FRB–KC has any contacts with the forum state.

The first function is the FRB–KC's role in formulating monetary policy through its participation in the Federal Open Market Committee ("FOMC"). 12 U.S.C. § 263. The FOMC's permanent membership of twelve consists of the seven members of the Federal Reserve System's Board of Governors and the President of Federal Reserve Bank of New York. The four other permanent members are chosen from among the eleven remaining Federal Reserve Bank Presidents, each of whom serve one year terms on a rotating basis. At its meetings, which are held in Washington, D.C. every four to six weeks, the FOMC sets policy with respect to purchases and sales of government securities in the open market. As part of its membership on the FOMC, the FRB–KC has an account on the books of the New York Federal Reserve Bank. For a further discussion of the operation of the FOMC, see *FOMC v. Merrill*, 443 U.S. 340, 343–37, 99 S.Ct. 2800, 2803–05, 61 L.Ed.2d 587 (1979); Fed'l Reserve Board, *The Federal Reserve System, Purposes and Functions* (1974). The Federal Reserve System also affects the nation's economy by setting reserve requirements and the discount rate. 12 U.S.C. § 248.

The second function of the FRB–KC evincing a relationship to New York is its check-clearing system. 12 U.S.C. § 248(*o*). In its capacity as a clearinghouse, the FRB–KC, as well as all the other Federal Reserve Banks, receives checks and routes them to the banks on which they were drawn. In connection with the routing of checks, each Federal Reserve Bank transfers payment for the checks through accounts that member banks maintain with all other Federal Reserve Banks. Therefore, the FRB–KC sends checks to the New York Federal Reserve Bank and local New York banks, and also sends payment for checks to New York. The FRB–KC is not authorized or licensed to do business in New York, has no New York agent for service of process, performs no banking or governmental functions in New York, has not signed any contracts in New York, has no office or employees there, owns no property in New York, and has no shareholders in New York. Affidavit of James R. Bell, FRB–KC Vice-President of Operations, ¶¶ 6–12.

## DISCUSSION

This Court would achieve little by reiterating the numerous and complex decisions concerning the limits imposed by the Due Process Clause on a court's power to exercise *in personam* jurisdiction over an out-of-state defendant. Nevertheless, this Court's own synthesis reveals the following principles. The "minimum contacts" language, established by the Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) cannot be formularized. *Intermeat, Inc. v. American Poultry Inc.*, 575 F.2d 1017, 1023 (2d Cir.1978). In *Burger King v. Rudzewicz*, —— U.S. ——, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the Supreme Court recently affirmed its earlier holdings, in particular *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958), where it stated "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson*, 357 U.S. at 253, 78 S.Ct. at 1239–40 (cited with approval in *Burger King v. Rudzewicz*). The Supreme Court has ruled that the defendant's purposeful "act" can be a series of acts, *International Shoe*, or merely a single act. *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). A court must examine the character and frequency of the act and the circumstances of its commission. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299, 100

S.Ct. 559, 568, 62 L.Ed.2d 490 (1980). Ever since the Supreme Court replaced the inflexible rule of *Pennoyer v. Neff,* 5 Otto 714, 95 U.S. 714, 24 L.Ed. 565 (1877) with the modern test of "minimum contacts," the requirement of physical presence with the jurisdiction has been discarded. *International Shoe. See also Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). The Supreme Court has held repeatedly that a court can exercise *in personam* jurisdiction over an out-of-state defendant in the absence of physical presence. *Burger King,* —— U.S. —— – ——, 105 S.Ct. 2174, 2184 (citations omitted). The sensible and modern rule of "minimum contacts," which accomodates the charges brought about by the increasingly national character of personal and corporate affairs, cannot, however, exceed the limits of the Due Process Clause and effectively erase state borders. *World-Wide Volkswagen,* 444 U.S. at 293–94, 100 S.Ct. at 565; *Hanson v. Denckla,* 357 U.S. at 250–51, 78 S.Ct. at 1238. The assertion of personal jurisdiction must comport with "fair play and substantial justice." *International Shoe,* 326 U.S. at 320, 66 S.Ct. at 160.

■ Turning to the facts of this case, the Court concludes that the FRB–KC does not have sufficient contacts with New York to allow this Court to exercise *in personam* jurisdiction. *See Northpark National Bank v. Bankers Trust Company,* 572 F.Supp. 520, 521–23 (S.D.N.Y.1983). With respect to the FRB–KC's monetary function, the FOMC and the acts that it takes through the Federal Reserve Bank of New York are largely unrelated to the FRB–KC's negligence here. The Court notes that the FRB–KC's membership on the FOMC has nothing to do with its check-clearing function. Quite simply, the FRB–KC's membership on the FOMC is insufficient to warrant the exercise of *in personam* jurisdiction for a completely unrelated transaction. There is no allegation that anyone from the FRB–KC goes to New York in connection with the FOMC. As noted earlier, the FOMC meets in the District of Columbia. It is not clear whether the President of the FRB–KC was even a member of the FOMC when the negligent acts occurred. The FRB–KC states that its only contacts with New York "are its proportionate interest in the system open market account on the books of the Federal Reserve Bank of New York, and its dollar account on the books of the New York Fed." Bell Affidavit, ¶ 13. Even if this account could be deemed a "contact" with New York, the FRB–KC's participation in the FOMC is a governmental function, mandated by statute, and therefore, is not a "purposeful act" under the control of the FRB–KC. 12 U.S.C. § 263(b). The FRB–KC has no choice but to participate financially in the FOMC, does not, in any sense, control the activities of the Federal Reserve Bank of New York, and the New York Federal Reserve Bank cannot be considered an agent of the FRB–KC. *See Northpark National Bank,* 572 F.Supp. at 522. Therefore, the FRB–KC has not committed a purposeful act that would come within the Due Process Clause. *Hanson v. Denckla.*

■ The Court therefore turns to the second function that could give rise to personal jurisdiction, the FRB–KC's check-processing activities. The FRB–KC's sole connection with the forum state is that it sends checks to New York for collection and wires payment to New York for other checks. These connections are also insufficient to establish minimum contacts with New York because they too are governmentally mandated functions and therefore, the FRB–KC's check-clearing processes are not the consequence of a purposeful or deliberate act. *Hanson v. Denckla.* Even the fees generated by this check-processing activity cannot be said to create a relationship with New York, because they do no more than compensate each Federal Reserve Bank for a statutorily mandated act. 12 U.S.C. § 248a.

■ The inquiry does not, however, end here. In *McGee v. Int'l Life Insurance Co.,* the Supreme Court held that a single act could give rise to the proper exercise of

*in personam* jurisdiction. Plaintiff could argue that the FRB–KC's negligent acts of failing to notify United Jersey Bank of dishonor and resubmitting the check to the Country Club Bank were, in and of themselves, sufficient to warrant the exercise of jurisdiction. This may be true, but any act or acts committed by the FRB–KC would be with respect to a New Jersey bank and not a New York plaintiff. Even if plaintiff could persuade this Court that the FRB–KC's one or two acts of negligence would allow the proper exercise of jurisdiction over the FRB–KC, then there would still be no contact with New York because, at best, the FRB–KC was under an obligation to notify a New Jersey bank not a New York plaintiff.[1] The acts of the FRB–KC that would make it subject to *in personam* jurisdiction in New Jersey do not make the FRB–KC subject to *in personam* jurisdiction in New York merely because the New Jersey bank had a New York depositor.

Although this is a case of first impression in this District, other federal trial courts have dismissed for a lack of *in personam* jurisdiction. *See, e.g., Titsworth v. Bank of Marshall County,* CV. 83–0307P (W.D.Ky. Jan. 9, 1985); *Northpark National Bank v. Bankers Trust Co.,* 572 F.Supp. 520 (S.D.N.Y.1983); *Washington Petroleum & Supply Co. v. Girard Bank,* CV. 82–1457 (M.D.Pa. May 3, 1983); *Investment Co. Institute v. United States,* 550 F.Supp. 1213 (D.D.C.1982); *Dempster Plaza State Bank v. Valley Bank of Nevada,* CV. 80–2611 (N.D.Ill. Sept. 23, 1980).

There is a notable lack of authority supporting Total's arguments. Plaintiff has not cited a single case where a court exercised *in personam* jurisdiction over a Federal Reserve Bank outside of the bank's Federal Reserve District. Defendant has uncovered two, which it distinguishes cor-

rectly. *Farmer's and Merchants' Bank of Catlettsburg, Ky. v. Federal Reserve Bank of Cleveland,* 286 Fed. 566 (E.D.Ky.1922); *Security Trust & Savings Bank v. Federal Reserve of Minneapolis,* 269 F.Supp. 893 (E.D.Mont.1967) (jurisdictional issue not considered). The Court's own research has revealed only one other instance when a federal court exercised *in personam* jurisdiction over a Federal Reserve Bank. *Flight International Group, Inc. v. Federal Reserve Bank of Chicago,* 583 F.Supp. 674 (N.D.Ga.1984). In that case, the Chicago Federal Reserve Bank invited a Georgia air transport company to submit contract bids for air transport of checks. The Chicago bank sent an agent to Georgia to inspect plaintiff's facilities and, after choosing another air freight company, used Atlanta as a hub for defendant's check clearing operations. The Georgia company sued the Federal Reserve Bank of Chicago in Georgia. The Court concluded that the Chicago Federal Reserve Bank was subject to *in personam* jurisdiction in Georgia because of the Bank's contacts with the forum. 583 F.Supp. at 677. The instant case is distinguishable from *Flight International* because the Chicago Federal Reserve Bank's activities in Georgia in connection with its efforts to ship checks to Chicago far exceed the FRB–KC's connection with New York. Although the Amended Complaint involves an allegation of negligence by the FRB–KC, the Court concludes that the FRB–KC engaged in no purposeful or deliberate act in connection with its check-clearing activities in New York that would satisfy the requirements of the Due Process Clause. *World-Wide Volkswagen; Hanson v. Denckla.* Therefore the Court concludes that neither the monetary functions nor the check-processing activities of

---

1. It is by no means a settled question that a failure by the FRB–KC to send prompt notification to the United Jersey Bank would be insufficient to allow a New Jersey court to exercise *in personam* jurisdiction over the FRB–KC under the Due Process Clause particularly when the basis of jurisdiction arises from the forum-related activities. *See Kimball v. Schwartz,* 580 F.Supp. 582, 586 (W.D.Pa.1984) (telephone or

mail contacts can support *in personam* jurisdiction). *But see Froning & Deppe, Inc. v. Continental Illinois National Bank & Trust Co.,* 695 F.2d 289 (7th Cir.1982) (no *in personam* jurisdiction where bank merely accepts a forged check). That issue is not, however, before this Court and we express no opinion on its validity. Plaintiff may, of course, test this theory by suing the FRB–KC in New Jersey.

the FRB–KC amount to minimum contacts under the Due Process Clause.

Accordingly, defendant FRB–KC's motion to dismiss for lack of *in personam* jurisdiction is granted and the Amended Complaint is dismissed.[2]

The Clerk of the Court is directed to enter judgment for defendant FRB–KC.

SO ORDERED.

---

**2.** Plaintiff has requested that if the Court grants FRB–KC's motion, then the Court should preclude the introduction of evidence by the United Jersey Bank of FRB–KC's negligence. The Court will not decide that issue at this time.

Furthermore, because the Court bases its decision solely on the Due Process Clause of the United States Constitution it does not reach the issue of whether the FRB–KC would be subject to jurisdiction under the New York long-arm statute. N.Y.C.Prac.L. & R. § 302(a) (McKinney 1982). In addition, the Court does reach the issue of proper venue or failure to state a claim.