Kenneth R. **FOX**, M.D., et al.,
Plaintiffs,

v.

Odette V. **CALLENDER**, M.D., et al., Defendants.

Civ. A. No. HAR–89–2383.

United States District Court,
D. Maryland.

Jan. 5, 1990.

### MEMORANDUM OPINION

HARGROVE, District Judge.

Presently before this Court is Defendants Odette V. Callender, M.D. ("Dr. Callender"), and Michael Brown's ("Brown") joint Motion to Dismiss or Transfer the complaint of Plaintiff Kenneth R. Fox, M.D. ("Dr. Fox"), to the United States District Court for the District of Virginia. The issues have been fully briefed. No hearing is deemed necessary. Local Rule 105, subd. 6.

## I

In 1988, Dr. Fox, a resident of Fairfax County, Virginia, placed advertisements for the sale of an ophthalmology practice known as Atlantic Eye Center, located at 6051–C Arlington Boulevard, Falls Church, VA. The practice was wholly owned by Kenneth R. Fox, M.D., P.C. ("Corporation"). Dr. Fox is president and sole shareholder of the Corporation. By deed dated January 5, 1989, Dr. Fox and his wife, Wendy J. Fox, sold the real estate on which the practice is located to 6051 B/C Arlington Boulevard, Ltd., a limited partnership.[1]

Callender, an ophthalmologist licensed to practice in the Commonwealth of Virginia, answered this advertisement. Following a period of negotiations, on January 15, 1989, Dr. Callender and Dr. Fox executed a "Binding Letter of Intent" for the purchase of the practice by Dr. Callender. Among its provisions, the agreement provided that Dr. Fox would retain ownership of all accounts receivable at the time of transfer and that Dr. Callender would provide Dr. Fox with access to all records as needed. Dr. Callender also agreed to lease the business premises for $8,000 per month under a lease executed the same date.

On June 19, 1989, Dr. Callender executed three promissory notes totalling $100,000 for the purchase of the practice. The first, a five-year promissory note for the sum of $30,000, plus 12% interest, was executed in favor of Dr. Fox as trustee of the Corporation. The note was to be paid in monthly installments of $567.50 beginning on July 1, 1989 and continuing through March 1, 1994. Dr. Callender was then to pay three additional monthly payments of $2,125. The second note was for the sum of $70,000, plus 12% interest. It called for monthly payments of $1,557.50 by Dr. Callender for a period of fifty-seven (57) consecutive months beginning July 1, 1989. The third promissory note was for the sum of $30,000, plus interest. It called for monthly payments of $2,665.50 by Dr. Callender

---

1. It is also alleged that the partnership purchased the business equipment of Atlantic Eye Center on January 5, 1989. Although the property was sold to 6051 B/C Arlington Boulevard, Ltd. on January 5, 1989, and the deed was recorded on January 11, 1989, the partnership did not file with the Virginia State Corporation Commission until January 31, 1989.

from August 1, 1989, through July 1, 1990.[2] The lease agreement and all promissory notes were personally guaranteed by Brown, Dr. Callender's husband.

Dr. Callender began operating the business on July 1, 1989. Soon thereafter, she allegedly stopped making both rental payments and payments due on the three promissory notes.

On August 21, 1989, Dr. Fox, individually, and as trustee of the Corporation, filed suit with this Court for Breach of Contract and Default on Promissory Notes. Dr. Callender and Brown have filed a counterclaim, claiming that Dr. Fox fraudulently induced Dr. Callender to buy his ophthalmology practice by misrepresenting the size of the practice and the gross profits of the practice over the previous years. They claim fraud, constructive fraud, breach of contract, and other declaratory relief. The Court's jurisdiction over this suit is based upon diversity, 28 U.S.C. Section 1332.

## II

This Court is granted the broad discretion to change the venue of actions before it: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. Section 1404(a). The purpose of this provision is to prevent the waste " 'of time, energy and money,' " and " 'to protect against litigants, witnesses and the public against unnecessary inconvenience and expense.' " *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964),

*quoting Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26, 27, 80 S.Ct. 1470, 1475, 4 L.Ed.2d 1540 (1960).

In *Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the United States Supreme Court specified various factors to be considered when entertaining a motion to transfer under Section 1404. Of the factors to be considered, the only one weighing in Dr. Fox's favor is that the District of Maryland is his chosen forum. However, there are many reasons why it may be more convenient and just for the parties to litigate this action in the Eastern District of Virginia. The sales contract in question was negotiated and executed in Virginia. The contract specifies that the agreement is to be "construed under the laws of the Commonwealth of Virginia." The property affected by the lease in question is located within the Eastern District of Virginia. The promissory notes which are the main part of this litigation were negotiated and executed in Virginia. The counterclaim alleging common law fraud and misrepresentation would involve interpretation of Virginia law. The Plaintiff himself is a resident of the Eastern District of Virginia. In fact, the only connection that this case has with Maryland is the residence of the Defendants, who, by their own motion, show a preference in having this action tried in Virginia. Furthermore, any potential witnesses and documents to the events underlying this action are likely to be located within the Eastern District of Virginia.[3] The Eastern District of Virginia is a more appropriate forum for hearing this dispute.[4]

---

**2.** The complaint erroneously lists the monthly payment of the third note as $2,265.50. *See* Complaint, paragraph 23.

**3.** Dr. Fox claims that "defendant's failure to specify what witnesses or documents they are referring to should be fatal to their motion." Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss or Transfer and for Joinder, at 3 (*citing Kimball v. Schwartz*, 580 F.Supp. 582 (W.D.Pa. 1984)).

The Court does not agree that such omission is "fatal." It is obvious from the pleadings that most, if not all, of the evidence and witnesses involved in this case are to be found in Virginia,

including medical and tax records of Atlantic Eye Center and the Corporation, Fairfax County land records, and any witnesses to the lease or promissory notes. This is distinguishable from the situation faced in *Kimball*, where the court stated that "it appears from the pleadings and affidavits that many or most of the witnesses in this case are located in [the Western District of Pennsylvania]."

**4.** In an analogous situation, the Fourth Circuit recently upheld the dismissal of an action for improper venue using the "weight of the contacts" test. *Broadcast Company of the Carolinas v. Flair Broadcast Corp.*, 892 F.2d 372, (4th Cir. 1989).

There appearing to be no compelling reasons against transferring this action and it appearing that a transfer will serve the interests of justice and will be of convenience to the parties and witnesses, this action is hereby transferred to the Eastern District of Virginia.[5]  It will be so ordered.

---

Although it is undisputed that venue is proper in this case, the Court's determination of whether an action should be transferred due to venue is similar to the "weight of the contacts" test now being employed in this Circuit.

**5.**  Several motions remain pending in this case, including Defendants' Motion to Dismiss, Defendants' Motion for Joinder, and Plaintiffs' Motion for Payment of Personal Service Costs.  All motions have been opposed.  Since this action is being transferred, this Court will not rule on the outstanding motions.