Thomas M. Caffrey, Allentown, Pa., for plaintiffs.

Stephen J. Springer, Philadelphia, Pa., for defendant.

**ALTRONICS OF BETHLEHEM, INC.**
**and Altronics of Philadelphia, Inc.**

**v.**

**REPCO INCORPORATED.**

**Civ. A. No. 89–4918.**

United States District Court,
E.D. Pennsylvania.

Feb. 7, 1990.

OPINION AND ORDER

VAN ANTWERPEN, District Judge.

This matter comes before the court upon the defendant's motion to dismiss for lack of jurisdiction. Specifically, the defendant argues that the plaintiffs have failed to allege the proper jurisdictional amount, pursuant to 28 U.S.C. § 1332(a), and that no personal jurisdiction can be exercised over the defendant. For the reasons given below, we shall deny the defendant's motion to dismiss.

28 U.S.C. § 1332(a) reads in pertinent part: [1]

1. This section was amended on November 19, 1988 to increase the jurisdictional amount from

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs and is between—

(1) citizens of different States; ...

In the instant case, the defendant argues that the plaintiffs have failed to allege that the matter in controversy exceeds $50,000. On September 11, 1989, however, the plaintiffs, pursuant to Fed.R.Civ.P. 15, filed an amended complaint in which the proper jurisdictional amount was sufficiently pleaded. Since this alleged deficiency has been remedied by the amended complaint, there remains only the allegation of lack of personal jurisdiction to be considered.

■ The instant case arises out of the defendant's sale, in 1985, of a two-way wireless system to the plaintiffs. The plaintiffs allege that this security system completely failed to operate as intended and guaranteed by the defendant. Plaintiffs have sued the defendant for breach of contract, breach of express and implied warranties, and fraud. The defendant asserts that its contacts with the Commonwealth of Pennsylvania are insufficient to permit this court constitutionally to assert jurisdiction over it. Once personal jurisdiction has been challenged by a defendant, the burden is on the plaintiff to prove by affidavit, or other means, the facts establishing that the court can constitutionally assert jurisdiction. *Kimball v. Schwartz*, 580 F.Supp. 582 (W.D.Pa.1984). We believe that the plaintiffs in the instant case have met this burden.

We are here presented with a diversity case where a non-resident defendant challenges personal jurisdiction on the basis of a lack of sufficient contacts with the forum state. In such instance, the federal district court has personal jurisdiction over the defendant only if a state court would have that power. *Dollar Savings Bank v. First Security Bank of Utah*, 746 F.2d 208 (3d Cir.1984). Accordingly, we look to the Pennsylvania Long–Arm Statute, 42 Pa. Cons.Stat.Ann. §§ 5301 *et seq.* (Purdon

1981 & Supp.1989), to determine whether facts or circumstances exist to require the defendant to answer in this forum. Pennsylvania's Long–Arm Statute provides in pertinent part:

In addition to the provisions of subsection (a), the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

42 Pa.Cons.Stat.Ann. § 5322(b) (Purdon 1981).

■ Thus, the reach of the Pennsylvania Long–Arm Statute is co-extensive with the due process clause of the United States Constitution. "In determining whether due process considerations permit [a] court's exercise of in personam jurisdiction over the moving defendant, we will apply the two-step inquiry followed by the Third Circuit. *See Reliance Steel Products Co. v. Watson, Ess, Marshall*, 675 F.2d 587, 588 (3d Cir.1982)." *Simpson v. Lifespring Inc.*, 572 F.Supp. 1251, 1252 (E.D.Pa.1983), *aff'd mem.*, 770 F.2d 1075 (3d Cir.1985). Initially, it must be determined whether the plaintiff's cause of action arises from a defendant's forum-related activities or from non-forum-related activities. *Id.* at 1252. The *Simpson* court stated:

If the claim is forum-related, under 42 Pa.C.S.A. § 5322, the plaintiff need show only "minimum contacts" of the defendant with the forum. *Schmidt v. Leader Dogs for the Blind, Inc.*, 544 F.Supp. 42 (E.D.Pa.1982). If the claim arises from non-forum-related activity, the court must determine whether the defendant's activities within the forum were sufficiently "continuous and substantial" to justify an assertion of in personam jurisdiction. *Id.*

Here, since the plaintiffs' cause of action is based upon the defendant's breach of contract for the sale of a security system which was installed in the Commonwealth

$10,000 to $50,000. This amendment applied to cases commenced on or after 180 days from

November 19, 1988 and this matter was filed after the effective date of the amendment.

of Pennsylvania, the plaintiffs' cause of action clearly arises from the defendant's forum-related activities. We must, then, inquire as to the "minimum contacts" between the defendant and the forum.[2]

In *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the Supreme Court specifically addressed the issue of personal jurisdiction in the context of contract actions. The Supreme Court, analyzing a Florida long-arm statute, held that the Florida district court's exercise of jurisdiction over the Michigan franchisees did not violate due process. In determining whether the defendants maintained "minimum contacts" with Florida, the court noted that a contract with an out-of-state party cannot alone establish sufficient minimum contacts, and that the court, in each case, must evaluate prior negotiations, contemplate future consequences, the terms of the contract, and the parties' actual course of dealing. The court also noted that a party to an interstate contractual agreement has fair warning that its actions may subject it to jurisdiction in a foreign forum if the potential defendant has " 'purposefully directed' his activities at residents of the forum, *Keeton*

*v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984), and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Id.* 471 U.S. at 472, 105 S.Ct. at 2181. [citations omitted].

In the case at bar, the defendant has purposefully directed its activities toward a Pennsylvania resident by contacting, negotiating and entering into a contractual relationship with a Pennsylvania corporation for the purchase of goods to be installed in Pennsylvania. The defendant not only contacted the plaintiffs over the telephone and by written correspondence in an attempt to sell them a security system, but also forwarded product information to them and sent an employee to their place of business in Pennsylvania in order to finalize the deal. (Affidavit of Henry Lubsen, President of Altronics of Philadelphia, Inc. and of Altronics of Bethlehem, Inc. [hereinafter "Lubsen"], pp. 2–3). Furthermore, the defendant was fully aware that the security system was to be installed in Pennsylvania, that defendant's technical advisors would be called on to supervise its installation, and that it would be called on in the future for technical advice and service in the event

---

**2.** In *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court held that a court may exercise *in personam* jurisdiction over a non-resident defendant only where that defendant has "minimum contacts" within the forum state. In the years subsequent to *International Shoe*, the Supreme Court has further elaborated on the concept of "minimum contacts". In *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the Supreme Court stated that the foreseeability of causing injury in another state is not a "sufficient benchmark" for exercising personal jurisdiction. *Id.* at 295, 100 S.Ct. at 566. Instead, "the foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there. [Citations omitted]." *Id.* at 297, 100 S.Ct. at 567.

In analyzing and defining when it is that the defendant should "reasonably anticipate" out-of-state litigation, the Supreme Court has often looked to the reasoning set forth in *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In *Hanson v. Denckla*, the Supreme Court opined that each case must be considered by itself, but that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privi-

lege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. [Citation omitted]." *Id.* at 253, 78 S.Ct. at 1239. However, in concluding whether a defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State", the Supreme Court rejects an absolute requirement of physical presence within the forum state. "So long as a commercial actor's efforts are 'purposefully directed' toward residents of another state, we have consistently rejected a notion that an absence of physical contacts can defeat personal jurisdiction there. [Citations omitted]." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984)). "Once it has been decided that a defendant established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.' [Citations omitted]." *Burger King*, 471 U.S. at 476, 105 S.Ct. at 2184 (citing *International Shoe*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95). As explained above, the defendant certainly meets the "minimum contacts" criteria as developed over the years by the Supreme Court.

that the security system did not work as intended. In fact, the defendant understood that plaintiffs wanted to install the security system in a specific location in Pennsylvania, and that the plaintiffs had purchased the security system because the defendant warranted that "the radio signals could be transmitted and received over the terrain and topographical features presented by this location." (Lubsen, p. 3).

The defendant was fully cognizant that a Pennsylvania resident would suffer injury in the event that its product did not perform as intended, and as warranted by the defendant. It is not at all unreasonable to conclude that the defendant, at the time it entered into the agreement with plaintiffs, certainly should have anticipated legal proceedings if the security system failed to work as guaranteed. As already noted, the security system was installed in Pennsylvania and allegedly failed to perform properly there. Given all of the contacts in this case, defendant should have anticipated "being haled into court" in Pennsylvania.

The defendant established further, substantial contact with Pennsylvania by entering into a manufacturer's representative agreement with Altech, a division of plaintiffs. (Lubsen, p. 4). In that agreement, the defendant appointed Altech to represent the defendant and to sell its products in a certain market area, which included Pennsylvania. Under the terms of this agreement, Altech's responsibilities included "the solicitation, placement and procurement of orders for Repco's products." (Lubsen, p. 4).

It is evident that the defendant intended to maintain continuous relationships and obligations not only with the plaintiffs, but also with any other Pennsylvania resident who decided to purchase a Repco product and that the defendant had intentions of establishing a permanent market in Pennsylvania. In making efforts to sell its products to citizens in the Commonwealth of Pennsylvania, and by procuring the services of a Pennsylvania corporation to aid in the sale of its products, the defendant cannot now be heard to say that it could not anticipate being called into Pennsylvania to answer litigation arising from such sales.

Considering the available evidence of record as a whole, it is clear that the defendant has purposefully established "minimum contacts" with Pennsylvania, and that exercising personal jurisdiction over the defendant would not offend traditional notions of "fair play and substantial justice." The quality and nature of the transactions between plaintiffs and defendant are not so sporadic, random, or fortuitous that assertion of jurisdiction in this case would violate the precepts of the Supreme Court's due process cases. *See Burger King*, 471 U.S. 462, 105 S.Ct. 2174.

An appropriate order follows.